UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| JAMES ROE,<br><br>      *Plaintiff,*<br><br>      v.<br><br>JOHN DOES 1 – 25,<br><br>      *Defendants.* | No. _____ |

**COMPLAINT**

Plaintiff, by and through his undersigned attorneys, respectfully submits this Complaint against Defendants John Does 1–25.

## PARTIES

1. Plaintiff is a natural person.

2. Plaintiff is unaware of the precise number of Does or their identities and thus sues them under fictitious names. Based on his investigation, Does are, on information and belief, natural persons that do not share Plaintiff's domicile.

## JURISDICTION AND VENUE

3. This Court has subject matter jurisdiction over this dispute because Plaintiff has asserted claims that arise under the laws of the United States, 28 U.S.C. § 1331.

4. Venue is proper in this District because a substantial part of the events giving rise to Plaintiff's claims occurred in this District. 28 U.S.C. § 1391(b)(2).

5. This Court may exercise personal jurisdiction over Does because Does committed tortious acts in New York. CPLR § 302(a)(2).

## FACTUAL BACKGROUND

6. This is an action arising out of a hack of Plaintiff's email account and online document repository (the "Accounts") perpetrated by Defendants, who are malicious actors.

7. Earlier this year, Defendants gained access to, at the very least, Plaintiff's Accounts. Defendants used illicit means to do so, although it is unclear how precisely Defendants gained access to Plaintiff's Accounts.

8. Defendants proceeded to email at least one individual pretending to be Plaintiff in an effort to steal Plaintiff's assets. Plaintiff proceeded to cut off Defendants' access to his Accounts.

9. Thereafter, at least one Defendant on behalf of the group emailed Plaintiff and informed Plaintiff that Defendants had downloaded hundreds of gigabytes of data from the Accounts—including very sensitive information, such as personal emails, passport information, social security numbers, credit card information, and so on—belonging to Plaintiff and his family members. The Defendant, on behalf of the group, proceeded to threaten to leak or sell the data unless Plaintiff paid Defendant millions of dollars in consideration.

10. Thereafter, at least one Defendant on behalf of the group contacted Plaintiff via text message from a phone number associated with Google Voice and reiterated the demands.

11. Plaintiff did not respond to the demands. Defendants proceeded to publicly and widely disseminate some of Plaintiff's personal, confidential information.

12. Plaintiff has made considerable efforts to identify Defendants, including by contacting federal law enforcement and third-party specialists. So far, Plaintiff has been unable to identify Defendants. However, Plaintiff's investigation to date demonstrates that at least one of Does, on behalf of himself and the remaining Does, perpetrated the unauthorized access at issue from New York.

13. Plaintiff brings this action now because, so long as Defendants remain unidentified and at large, there is a substantial risk that evidence will be dissipated, Defendants will escape process, and Defendants will continue to threaten the personal and financial safety of Plaintiff and his family. Indeed, Plaintiff and his family remain in fear that Defendants will use the information they have stolen to inflict physical and financial harm on Plaintiff and his family.

## CAUSES OF ACTION

**COUNT 1: COMPUTER FRAUD AND ABUSE ACT – UNAUTHORIZED ACCESS**
(Against Defendants)

14. Plaintiff repeats and realleges the foregoing paragraphs as fully set forth herein.

15. This is a claim for unauthorized access under the Computer Fraud and Abuse Act (the "CFAA"), 18 U.S.C. § 1030(a)(2)(c).

16. Plaintiff's Accounts are used in interstate commerce or communications.

17. Plaintiff never granted Defendants authorization to access the Accounts.

18. Notwithstanding their lack of authorization, Defendants accessed the Accounts without permission and through illicit means.

19. Defendants thereafter used the Accounts to (1) send communications, purportedly in Plaintiff's name, and (2) access and extract Plaintiff's personal, confidential, and sensitive information, including electronic communications such as emails sent and received by him.

20. In doing so, Defendants violated the CFAA.

21. Defendants' violation of the CFAA caused Plaintiff to suffer loss and damages, exceeding $75,000 in value.

### COUNT 2: STORED COMMUNICATIONS ACT – UNAUTHORIZED ACCESS
(Against Defendants)

22. Plaintiff repeats and realleges the foregoing paragraphs as fully set forth herein.

23. This is a claim for unauthorized access under the Stored Communications Act (the "SCA"), 18 U.S.C. § 2701(a)(1).

24. Plaintiff never granted Defendants authorization to access the Accounts.

25. Notwithstanding their lack of authorization, Defendants accessed the Accounts without permission and through illicit means.

26. Defendants thereafter used the Accounts to (1) send communications, purportedly in Plaintiff's name, and (2) access and extract Plaintiff's personal, confidential, and sensitive information, including electronic communications such as emails sent and received by him.

27. In doing so, Defendants, without authorization, accessed a facility through which electronic communications services are provided and the electronic communications therein in violation of the SCA.

28. Defendants' violation of the SCA caused Plaintiff to suffer damages associated in an amount to be proven at trial and in all events exceeding $75,000 in value.

### COUNT 3: UNREASONABLE INTRUSION UPON SECLUSION
(Against Defendants)

29. Plaintiff repeats and realleges the foregoing paragraphs as fully set forth herein.

30. This is a claim for unreasonable intrusion upon seclusion.

31. Plaintiff did not consent to Defendants accessing the Accounts.

32. Plaintiff did not consent to Defendants accessing, reviewing, and collecting Plaintiff's personal, confidential, and sensitive information, including electronic communications such as emails sent and received by him.

33. When Defendants accessed the Accounts through the scheme alleged herein, they gained access to Plaintiff's personal, confidential, and sensitive information, including electronic communications such as emails sent and received by him, without Plaintiff's consent.

34. Defendants thereafter extracted Plaintiff's personal, confidential, and sensitive information, including electronic communications such as emails sent and received by him, without Plaintiff's consent.

35. Defendants' conduct, which was perpetrated in service of a blackmail scheme, would be highly offensive to a reasonable person.

36. Defendants' conduct was of such magnitude as would cause an ordinary individual to feel severely offended, humiliated, or outraged.

4

37. Defendants' intrusion upon Plaintiff's seclusion has caused Plaintiff to suffer damages in an amount to be determined at trial and in all events exceeding $75,000 in value.

## COUNT 4: INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS
(Against Defendants)

38. Plaintiff repeats and realleges the foregoing paragraphs as fully set forth herein.

39. This is a claim for intentional infliction of emotional distress.

40. Defendants intentionally perpetrated a scheme designed to extort millions of dollars from Plaintiff by threatening to reveal Plaintiff and his family's personal, confidential, and sensitive information.

41. That conduct was extreme and outrageous.

42. Plaintiff suffered and has continued to suffer severe emotional distress as a consequence of Defendants' outrageous conduct. By way of example, Does' retention of Plaintiff's private information places Plaintiff in fear that Does will use that information to harm Plaintiff and his family.

43. Plaintiff has suffered damages as a consequence of Does' intentional infliction of emotional distress in an amount to be determined at trial and in all events exceeding $75,000 in value.

## JURY DEMAND

Plaintiff demands a trial by jury on all claims and issues triable by a jury.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully requests that the Court award the following relief:

(1) All damages to which Plaintiff is entitled, including, without limitation, compensatory and punitive damages, in an amount to be determined at trial;

5

(2)  The return of Plaintiff's data and a preliminary and permanent injunction preventing its dissemination;

(3)  All pre- and post-judgment interest to which Plaintiff is entitled;

(4)  All costs and expenses, including, without limitation, attorneys' fees, to which Plaintiff is entitled; and

(5)  All other such relief as the Court may deem just and proper under the circumstances.

Dated: New York, New York
       June 27, 2025                    Respectfully submitted,

                                        NAGY WOLFE APPLETON LLP

                                        *Gregory N. Wolfe*
                                        Gregory N. Wolfe
                                        greg@nagylaw.com
                                        David Moosmann (*pro hac vice* forthcoming)
                                        dmoosmann@nagylaw.com
                                        31 E 62nd Street, Floor 6
                                        New York, NY 10065
                                        Telephone: (646) 494-4900

                                        *Attorneys for James Roe*