# NAGY WOLFE APPLETON LLP

31 East 62nd Street, 6th Floor | New York, New York 10065 | (646) 494 - 4900

Gregory N. Wolfe
greg@nagylaw.com

**VIA ECF**

July 1, 2025

Hon. Mary Kay Vyskocil
United States District Judge
Southern District of New York
500 Pearl Street, Room 1660
New York, NY 10017

```
USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: 7/25/2025
```

      **Re:**    *James Roe v. John Does 1–25,* **Case No. 1:25-cv-05389**

Dear Judge Vyskocil,

    We represent Plaintiff James Roe. Pursuant to Federal Rule of Civil Procedure 26(d) and this Court's Individual Rule 4(A)(i), we write to seek a conference concerning leave to serve a third-party subpoena on non-party Google LLC ("Google").[1] Because Defendants have yet to be identified, the request is unopposed at this juncture.

    As set forth in Plaintiff's Complaint, this case arises out of an attack perpetrated by Defendants, a group of unidentified cybercriminals. Despite considerable effort, Plaintiff has been unable to identify Defendants. Accordingly, he intends to propound a subpoena to Google, the entity that made the Accounts available to Plaintiff, to obtain information associated with Plaintiff's Accounts that may aid Plaintiff in identifying and serving Defendants. Specifically, Plaintiff intends to request information and documents evidencing Defendants' (1) identities, (2) IP addresses, (3) ISPs, (4) physical locations, (5) the dates on which they accessed Plaintiff's accounts, and (6) the location(s) to which they transferred Plaintiff's data.

    Because Defendants have yet to be served, the parties have yet to conduct the conference required by Federal Rule of Civil Procedure 26(f). Plaintiff accordingly seeks leave to serve his subpoena on Google pursuant to Federal Rule of Civil Procedure 26(d), which provides that, "when authorized … by court order," a party may "seek discovery … before the parties have conferred as required by Rule 26(f)."

    "When considering whether to grant a motion for expedited discovery prior to the Federal Rules of Civil Procedure Rule 26(f) conference, courts apply a flexible standard of reasonableness and good cause." *adMarketplace, Inc. v. Tee Support, Inc.*, 2013 WL 4838854, at *2 (S.D.N.Y. Sept. 11, 2013). In applying that standard, courts in this Circuit "look to five principal factors," *Strike 3 Holdings, LLC v. Doe*, 2022 WL 2720736, at *1 (S.D.N.Y. June 9, 2022), namely:

> (1) the concreteness of the plaintiff's showing of a prima facie claim
> of actionable harm, (2) the specificity of the discovery request, (3)

---

[1] Except as otherwise set forth herein, capitalized terms bear the meanings ascribed to them in the Complaint. *See* ECF No. 1 (the "Complaint" or "Compl."). All emphases are added to, and all internal punctuation and citations are omitted from, quoted material unless otherwise noted.

the absence of alternative means to obtain the subpoenaed information, (4) the need for the subpoenaed information to advance the claim, and (5) the objecting party's expectation of privacy.

*UN4 Prods., Inc. v. Doe-173.68.177.95*, 2017 WL 2589328, at *1 (E.D.N.Y. June 14, 2017) (citing *Arista Records, LLC v. Doe 3*, 604 F.3d 110, 119 (2d Cir. 2010)). Leave should be granted because each factor weighs in Plaintiff's favor.

I. **PLAINTIFF HAS MADE A CONCRETE PRIMA FACIE SHOWING OF ACTIONABLE CONDUCT**

The first factor is met because Plaintiff has stated a plausible claim for relief. *See Malibu Media, LLC v. John Does 1-11*, 2013 WL 3732839, at *4 (S.D.N.Y. July 16, 2013) (holding that the first factor was satisfied because the "[p]laintiff ha[d] adequately pled a plausible claim of copyright infringement"). Here, Plaintiff has pleaded claims for violations of the Computer Fraud and Abuse Act and the Stored Communications Act as well as common law claims for intrusion upon seclusion and intentional infliction of emotional distress. Those claims are sufficiently pleaded because Defendants unlawfully accessed Plaintiff's Accounts, extracted the sensitive and private information of Plaintiff and his family, and attempted to blackmail Plaintiff into giving Defendants millions of dollars. Compl. ¶¶ 6–13; *see Pure Power Boot Camp, Inc. v. Warrior Fitness Boot Camp, LLC*, 759 F. Supp. 2d 417, 423 (S.D.N.Y. 2010) ("[T]he accessing of [d]efendants' Hotmail, Gmail, and WFBC accounts, done without authorization, was a violation of the SCA.").

II. **PLAINTIFF SEEKS SPECIFIC INFORMATION NEEDED TO IDENTIFY DEFENDANTS**

The second factor is met because there is a "reasonable likelihood" that the subpoena Plaintiff seeks leave to serve "would lead to identifying information that would make possible service upon particular defendants who could be sued in federal court." *Sony Music Ent. Inc. v. Does 1-40*, 326 F. Supp. 2d 556, 566 (S.D.N.Y. 2004). Courts routinely grant leave to serve subpoenas seeking such information before the Rule 26(f) conference, including subpoenas to Google. *See, e.g.*, *Dhillon v. Does 1-10*, 2013 WL 5367783, at *1 (N.D. Cal. Sept. 25, 2013) (granting a plaintiff leave to propound discovery requests to Google seeking, inter alia, the "IP address(es) from which" persons accessed a Google account); *Sony Music Ent. Inc. v. Does 1-40*, 326 F. Supp. 2d 556, 566 (S.D.N.Y. 2004) (holding "discovery request [was] … sufficiently specific" where the request sought the "identifying information" of particular subscribers).

III. **NO OTHER MEANS EXISTS FOR OBTAINING THE INFORMATION PLAINTIFF SEEKS**

The third factor is satisfied because there is no alternative means of acquiring information concerning unauthorized access to Plaintiff's Google Accounts other than from Google. Plaintiff has already expended significant effort in attempting to identify Defendants, including through an informal request made to Google. Those efforts have proven unsuccessful because Google will not produce the requested information absent a subpoena and Plaintiff is unaware of another means of accessing the information. Because Plaintiff "cannot identify [Defendants] without a court-ordered subpoena," leave should be granted. *Next Phase Distribution, Inc. v. John Does 1-27*, 284 F.R.D. 165, 171–72 (S.D.N.Y. 2012); *Strike 3 Holdings, LLC v. Doe*, 2017 WL 5001474, at *4

(D. Conn. Nov. 1, 2017) ("Because there is no public registry to provide the names of subscribers and their corresponding IP addresses, there is no alternate means by which Plaintiff can identify [the Defendant] absent the present subpoena.").

### IV. THE REQUESTED INFORMATION IS REQUIRED TO IDENTIFY AND SERVE DEFENDANTS

The fourth factor is also satisfied, as "[i]t is well-established that a defendant's identity is critical in advancing a plaintiff's claim." *Malibu Media, LLC v. Doe*, 2016 WL 4444799, at *11 (E.D.N.Y. Aug. 23, 2016). "The information sought" by the contemplated subpoena is "central" because, "[w]ithout learning" Defendants' identities and address, "Plaintiff will be unable to serve process and pursue [his] claim." *Malibu Media, LLC v. John Doe Subscriber Assigned IP Address 24.90.139.137*, 2016 WL 1651869, at *3 (S.D.N.Y. Apr. 26, 2016).

### V. DEFENDANTS HAVE NO LEGITIMATE EXPECTATION OF PRIVACY IN INFORMATION VOLUNTARILY TRANSMITTED TO GOOGLE IN THE COURSE OF THEIR UNLAWFUL ACCESS TO AND USE OF PLAINTIFF'S ACCOUNTS

The fifth and final factor—Defendants' expectation of privacy (or the lack thereof)—also weighs in Plaintiff's favor. Courts consistently hold that defendants have a "minimal" interest in the privacy of information they cause to be transmitted to ISPs and other service providers in the commission of unlawful conduct online. *See, e.g.*, *Malibu Media, LLC v. Doe*, 2016 WL 4444799, at *11; *Malibu Media, LLC v. John Does 1-11*, 2013 WL 3732839, at *6 ("ISP subscribers have a minimal expectation of privacy in the sharing of copyrighted material."). That is especially true here, as the information Plaintiff seeks concerns Defendants' unauthorized access to *Plaintiff's* Accounts. Defendants have no expectation of privacy whatsoever in that information, let alone one that warrants depriving Plaintiff of information essential to the vindication of the (meritorious) claims he asserts here. *See Rotten Recs., Inc. v. Doe*, 107 F. Supp. 3d 257, 259 (W.D.N.Y. 2015) ("Plaintiff's interest in learning Defendant's name and address outweighs Defendant's privacy interest.").

\* \* \*

For the foregoing reasons, Plaintiff should be granted leave to serve upon Google a subpoena duces tecum seeking information and materials sufficient to identify the persons who unlawfully accessed Plaintiff's Accounts. We thank the Court for its attention to this matter.

Sincerely,

*/s/ Gregory N. Wolfe*

---

Plaintiff is not required by this Court's Individual Rules of Civil Practice to request leave to file this motion or the motion contemplated in the pre-conference letter at docket entry number 3. Nevertheless, upon review of both letters, IT IS HEREBY ORDERED that Plaintiff is GRANTED leave to file both anticipated motions at docket entry numbers 3 and 4. IT IS FURTHER ORDERED that each motion shall be filed on or before August, 1, 2025. SO ORDERED.

Date: July 25, 2025
New York, New York

Mary Kay Vyskocil
United States District Judge